### WILLIAM GUNTER v. THE STATE.

No. 6243.   Decided June 8, 1921.

Rehearing Denied October 12, 1921.

**1.—Robbery—Companion Case—Practice on Appeal.**

Where, many of the questions raised on appeal in the instant record are discussed and disposed of in the companion case, they need not again be considered.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of robbery, the conviction was sustained by the evidence, there was no reversible error.

**3.—Same—Money—Value—Indictment.**

A description in the indictment of the property alleged to have been taken in the robbery as forty-one dollars in money, is sufficient, and proof of such

fact meets the requirement of the law; and it was not necessary to allege the value of the property.

**4.—Same—Self-Serving Evidence.**

That defendant · declined to escape, together with what he said at the time, is properly rejected as self-serving.

Appeal from the District Court of Stephens. Tried below before the Honorable G. O. Bateman.

Appeal from a conviction of robbery; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

*E. W. Bounds,* for appellant.

*R. H. Hamilton,* Assistant Attorney General, for the State.—On question of description of money: Kirk v. State, 35 id., 224; Green v. State, 28 Texas Crim. App., 495.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Stephens County of robbery, and his punishment fixed at seven years in the penitentiary.

Appellant and Joe Adams were members of a party at a camp in Stephens County. Most if not all of the men were workers on oil wells. On the afternoon before the alleged robbery appellant, Adams, Tyler, the alleged injured party, and several other men were engaged in a game of poker, and money was displayed by Tyler and a man named May and others. This was October 19, 1920. During that night a call was made for men to come to a certain well and do some casing. Adams was on the crew called but excused himself and did not go. Appellant also remained in the camp. The evidence showed that the men who responded to said call, worked at the particular job until about midnight on the 20th. That about six o'clock on the afternoon of the 20th, Tyler had occasion to go back to camp, and there saw appellant and Adams, who asked him about what time the party expected to get through, and he told them about 12 o'clock that night. About the time mentioned and as the party of men who had been engaged in said casing were returning to camp in an automobile, they were held up by two men at the point of pistols and robbed of various amounts of money. The indictment in the instant case charged robbery of Tyler, from whom the testimony showed they obtained $41.

On the trial Tyler and May positively identified both Adams and appellant by their voices and seeing their faces during the robbery. As the party in the automobile was leaving the scene Carpenter, one of the men in the automobile, said it sounded like Joe Adams' voice, and some one else said it was Joe and this appellant. Lee, one of the

men in said car, testified he was excited, but. when the fact was mentioned he thought he recognized Adams' voice. The defense was an alibi, appellant's brother, sister-in-law, nephew and some other witnesses corroborating substantially appellant's own evidence that he was in the tent of his brother-in-law at the time of said robbery. The companion case of Adams v. State, No. 6242, is this day decided and many of the questions raised in the record now before us, are discussed and disposed of in the opinion in that case and will not be further referred to. That opinion disposes of the statements of Carpenter and others directly after the alleged robbery; and also of the objections to what transpired in the poker game on the day preceding said robbery.

The conflict of evidence as to appellant's presence and participation in the robbery, was settled by the jury, and we cannot undertake to say that the verdict is not supported. Two witnesses, apparently credible, testified positively to their identification of appellant as one of the robbers.

A number of bills of exception were taken which are not discussed in appellant's brief, but we have examined each of same and find none of them containing error, for which reason we conclude same were not. here urged by able counsel representing appellant.

The four special charges refused contained nothing not in the main charge. A description in the indictment of the property alleged to have been taken in the robbery, as $41 in money, was sufficient, and proof of such fact met the requirements of the law. The value of the property taken in a robbery case is not necessary. to be stated in the indictment. These questions have been settled in many decisions.

That appellant declined to escape with other prisoners from the county jail after his arrest herein, together with what he said at said time, was properly rejected when offered in evidence by appellant, as same was purely self-serving.

No error appearing in the record, the judgment of the trial court will be affirmed.

*Affirmed.*

Rehearing denied October 12, 1921. REPORTER.